IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVSION

| | | |
|---|---|---|
| **KEVIN LIPMAN** as Administrator of the Estate of Ta'Naejah McCloud, Deceased, **SHABRINA McCLOUD,** | ) ) ) ) | CASE NO:  18-CV-02985 |
| Plaintiffs, | ) ) ) | |
| -vs- | ) ) ) | |
| **ARMOND BUDISH, in his official capacity as County Executive Cuyahoga County, CUYAHOGA COUNTY CHILDREN AND FAMILY SERVICES, TEQUILA CRUMP, URSULA OWENS, KRISTINA QUINT**, **ADA JACKSON, MARQUETESE BETTS, JOHN/JANE DOE I-VII individually and or Agents of Cuyahoga County,** | ) ) ) ) ) ) ) ) ) ) | JUDGE PATRICIA A. GAUGHN |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA FOR PRODUCTION OF DOCUMENTS DIRECTED TO NON-PARTY OHIO DEPARTMENT OF HEALTH**

NOW COME the Plaintiffs SHABRINA McCLOUD and KEVIN LIPMAN, as Administrator of the Estate of Ta'NAEJAH McCLOUD, by and through their attorneys, THE DERATANY FIRM and OBRAL SILK & ASSOCIATES, hereby moves this Court pursuant to Fed. R. Civ. P. 45(c)(2)(B), for an Order compelling Ohio Department of Health (hereinafter "ODH"), a non-party to this litigation, to produce all documents responsive to the Plaintiff's March 18, 2019 subpoena. The grounds for this motion are set forth in the accompanying Memorandum in Support.

**MEMORANDUM IN SUPPORT OF MOTION**

**Introduction**

This motion to compel has been made necessary by the blanket refusal of non-party ODH

to produce any documents in response to a valid executed subpoena issued by this Court. The documents are directly relevant to plaintiff's claims, and are likely to illuminate the customs, practices and procedures of the Department of Children and Family Services that contributed to the death of TaNaejah McCloud.

ODH has asserted that complying with the subpoena would violate attorney client, work product and other confidentiality provisions of state statutes. There is no merit that producing these documents violates attorney client privilege or work product privilege and plaintiff has offered to have the court enter a protective order to protect the confidentiality of any document they produce.

In any event compliance would not substantially burden ODH and would advance the compelling interest in permitting Plaintiffs to prove their constitutional claims. Because plaintiff's request is narrowly drawn to obtain only relevant material, any burden in complying with those requests would be minimal and the Court should enforce the subpoenas.

**Factual Background**

1. On March 18, 2019, counsel for Plaintiff served a Subpoena under Fed.R.Civ.P. 45 on Counsel for Non-Party ODH that made the following document demand (attached as Ex. 1):

   Any and all documents related to any investigation of TaNaejah Nicole McCloud (dob 09/02/2011) resulting in death or injury; Any documents relating to any investigation of Tequila Crump in relation to TaNaejah Nicole McCloud; including those existing in electronic form, and every other document that can be accessed, pertaining to TaNaejah Nicole McCloud (dob 09/02/2011)

2. On March 26, 2019, plaintiff received an objection to the subpoena via email by Assistant Counsel of the Ohio Department of Health Rachel Belenker citing confidentiality as the reason for non-compliance with the subpoena. (Ex. 2)

3. On March 28, 2019 plaintiffs responded indicating that the relevant statue cited by Counsel for ODH setting forth reasons why they would not comply with the valid subpoena are not applicable. The statute cited by ODH counsel protects the unauthorized dissemination of confidential documents. The issuance of documents per a valid executed subpoena is not an unauthorized dissemination. (Ex. 3)

4. On April 1, 2019, Counsel for ODH responded via letter, providing five objections to the Subpoena and indicated that they would not comply with the subpoena. (Ex. 4).

5. On April 3, 2019, Counsel for Plaintiff responded via letter, indicating the legal basis for the propriety of the Subpoena, and again asking for compliance. (Ex. 5).

6. On April 5, 2019, Counsel for ODH again responded in objection via email, stating the reasons they believed the Subpoena to be improper, and again stating that there would be no compliance. (Ex. 6)

7. Following a final telephone conference between both counsels; Counsel for Plaintiff now respectfully moves this Court for an Order to enforce compliance with the Subpoena to ODH, served March 18, 2019.

**Argument**

In accordance with Rule 45(c)(2) of the Federal Rules of Civil Procedure, a subpoena may command "a production of documents electronically stored information, or tangible things at a place within 100 miles where the person... regularly transacts business in person." Fed. R. Civ. P. 45(c)(2). If the non-party served with the subpoena does not comply, then "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production..." Fed R. Civ. P. 45(d)(2)(B)(i). Under the Federal Rules of Civil Procedure 45(g), "[t]he court for the district

where compliance is required... may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

### A. The requested documents sought by the subpoena are relevant and necessary to Prove Plaintiff's Constitutional Claims.

The scope of discovery pursuant to a Rule 45 subpoena is the same as that permitted under Rule 26. See Fed. R. Civ. P. 45, Advisory Committee Notes Subdivision (d). ("Rule 45 must be read in conjunction with Federal Rule of Civil Procedure 26, because the latter rule "clearly defines the scope of discovery for all discovery devices."). Under Rule 26(b) of the Federal Rules of Civil Procedure "[p]arties may obtain discovery regarding any matter, not privileged which is relevant to the subject matter involved in the pending action..." Fed. R. Civ. P. 26(b)(1).

It is axiomatic that the documents we requested regarding the Fatality Review Board investigation of Ta'Naejah McCloud's death are relevant to the pending litigation. More importantly, the investigation conducted by the Ohio Department of Health concerning the methods utilized by the Cuyahoga County Division of Children and Family Services directly relates not only to our claims against Cuyahoga County but the County's defenses as well. ODH's objections to this subpoena based on relevancy are meritless and not applicable as they are not a party to this litigation.

### B. The evidence sought by the subpoena is not subject to any of the objectionable privileges asserted.

The work-product doctrine, as set forth in Federal Rule of Civil Procedure 26(b)(3), protects from discovery documents and tangible things prepared in anticipation of litigation by or for a party or by or for that party's representative. *United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006). Items that are "prepared in the ordinary course of business, or pursuant to public

4

requirements unrelated to litigation, or for non-litigation purposes," are not protected by the work-product doctrine. *Roxworthy*, 457 F.3d at 593. A party asserting the work product privilege bears the burden of establishing that the documents he or she seeks to protect were prepared ''in antici-pation of litigation.'' *In re Powerhouse Licensing*, LLC, 441 F.3d 467, 473 (6th Cir.2006); Toledo Edison, 847 F.2d at 339. Thus, if the item would have been prepared in the ordinary course of business, or pursuant to public requirements, regardless of the anticipated litigation, the doctrine does not apply. *Cooey v. Strickland*, 269 F.R.D. 643, 647 (S.D. Ohio 2010).

The Ohio Department of Health asserts that these documents are protected from disclosure by the following privileges; attorney-client, deliberative process, consulting expert or investigative privileges and by any common interest or joint defense agreement. However, all of the privileges except for attorney-client would fall under a work product privilege.  It is without question that documents prepared for someone that is a non-party to the present suit are not protected under a work product privilege. Therefore any documents ODH may have prepared, or documents that may have been provided to them, are not protected by the work product doctrine as ODH is not a party to the instant litigation.  Furthermore, if for some reason the documents disclosed to ODH could conceivably be construed as work product, ODH has no standing to object on behalf of the party who created the documents.

**C.    The evidence sought by the subpoena is not protected by attorney-client privilege.**

The purpose behind the attorney-client privilege is to encourage clients to communicate freely with their attorneys. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). However, courts construe the privilege narrowly because it serves to reduce the amount of information that can be discovered during a lawsuit*. In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447,

451 (6th Cir.1983). The party asserting the privilege shoulders the burden of establishing the privilege. Id. at 454. The party must show not only that an attorney-client relationship exists, but also all of the following elements: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived. *Fausek v. White*, 965 F.2d 126, 129 (6th Cir.1992).

The Ohio Department of Health has asserted attorney-client privilege as a basis for not producing these documents. It is perplexing that the Ohio Department of Health has asserted this privilege since ODH is a state agency and the defendants in this case, who would be the subject of any investigation involved with the death of Ta'Naejah McCloud, is the Cuyahoga County Division of Children and Family Services. As an independent agency reviewing the death of Ta'Naejah, ODH cannot have an attorney-client relationship with Cuyahoga County.  . Cuyahoga County may have a claim of privilege over these documents; however, that privilege is waived by disclosing these documents to a third party. "Once privileged communications are disclosed by a client, or with the client's approval, the reason for the protection of the privilege disappears." *United States v. Skeddle*, 989 F.Supp. 917, 919 (N. D. Ohio 1997) citing *In re Grand Jury Proceedings*, 78 F.3d 251, 254 (6th Cir.1996). The Sixth Circuit Court of Appeals has held that "disclosure of some privileged communications waives the attorney-client privilege for all communications on the same subject matter." *Skeddle*, 989 F.Supp. at 919, citing *In re Grand Jury Proceedings*, 78 F.3d at 255. Additionally, the burden of establishing the existence of the privilege rests with the party asserting the privilege. *In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 454 (6th Cir. 1983).  Therefore it is incumbent upon ODH to prove the

attorney-client privilege existed between ODH and Cuyahoga County and that the disclosures of the requested documents were subject to the privilege.

Even if such a relationship existed between the two governmental agencies, ODH would need to provide a privilege log specifying precisely which documents they are claiming are protected by attorney-client privilege. That log would then be subject to the Court's examination to ultimately determine if the privilege asserted exists as to those documents. It is not for the Court to accept that an attorney-client privilege exists just because ODH says one existed. ODH has asserted attorney-client privilege and has the burden to show that privilege existed. It is our contention that no such privilege exists.

## Conclusion

For the reasons stated in this memorandum, Plaintiff respectfully requests that this Court compel the production of the subpoenaed documents and issue an order compelling the Ohio Department of Health to produce all requested documents.

Respectfully submitted,

*/s/ Roosevelt Allen III*

_____
**Roosevelt Allen (IL6298925)**
**Jay Paul Deratany (IL6197097)**
**Megan O'Connor (IL6309814)**
**The Deratany Law Firm**
221 N. LaSalle Street
Suite 2200
Chicago, Illinois 60601
312-857-7285
312-857-2004 (Fax)
Email: jpderatqany@lawinjury.com
allen@lawinjury.com
moconnor@lawinjury.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 15, 2019, the foregoing Plaintiffs' Motion to Compel Compliance with Subpoena for Production of Documents directed to Non-party Ohio Department of Health was filed electronically.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

The undersigned hereby certifies that a copy of the foregoing Plaintiffs' Motion to Compel Compliance with Subpoena for Production of Documents directed to Non-party Ohio Department of Health was served by U.S. First Class Mail, postage prepaid on May 15, 2019, upon the following:

Tequila Crump, Inmate No. W101504, c/o Warden, Wanza Jackson, Dayton Correctional Institution, 4104 Germantown Street, Dayton, OH 45417

Ursula Owens, Inmate No. W101555, c/o Warden, Wanza Jackson, Dayton Correctional Institution, 4104 Germantown Street, Dayton, OH 45417

Respectfully submitted,

*/s/ Roosevelt Allen III*

_____
**Roosevelt Allen, III (IL6298925)**
**Jay Paul Deratany (IL6197097)**
**Megan O'Connor (IL6309814)**
**The Deratany Law Firm**
221 N. LaSalle Street
Suite 2200
Chicago, Illinois 60601
312-857-7285
312-857-2004 (Fax)
Email: allen@lawinjury.com
              jpderatqany@lawinjury.com
              moconnor@lawinjury.com