**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Kevin Lipman, et al.,** | ) | **CASE NO. 1:18 CV 2985** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Armond Budish, et al. ,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**Introduction**

This matter is before the Court upon the plaintiffs' Rule 59(E) Motion to Alter or Amend Judgment Based in Part upon New Information and FRCP 15(A) Motion for Leave to File a First Amended Complaint *Instanter* (Doc. 22) and Cuyahoga County Defendants' Motion to Strike Plaintiffs' FRCP 59(E) and 15(A) Motion (Doc. 23). For the following reasons, the Motion to Strike is GRANTED and the Motion to Alter or Amend Judgment and Motion for Leave is DENIED.

**Discussion**

By prior Memorandum of Opinion and Order, this Court granted the County

defendants' Motion to Dismiss as to the federal claim and dismissed the state law claims without prejudice. The Court will not re-state the facts or discussion set forth in that Opinion. Briefly, the Court determined that plaintiffs failed to state a § 1983 claim as alleged in Count One against the individual County defendants for a violation of substantive and procedural due process. In particular, the Court concluded that the Complaint did not plausibly allege either the custody exception or the state created danger exception to the established rule that a state's failure to protect an individual against private violence does not constitute a violation of the substantive due process clause. Nor did the Complaint state a plausible procedural due process claim. Additionally, the Complaint failed to allege a custom, policy, or practice to hold the County liable under § 1983.

Plaintiffs now ask the Court to alter the judgment and grant plaintiffs leave to amend their Complaint based upon deposition testimony which was completed prior to the issuance of the ruling on the Motion to Dismiss. In addition to opposing the motion, defendants ask the Court to strike it. That request will be addressed first.

Defendants ask the Court strike plaintiff's Motion which seeks reconsideration of this Court's Opinion and leave to amend the Complaint. Defendants argue that plaintiffs have filed their motion in violation of the protective order previously entered into by the parties, and have defied this Court's more recent ruling denying plaintiffs' request to file their motion for reconsideration under seal. For the following reasons, this Court agrees.

On April 12, 2019, the parties filed a Joint and Stipulated Motion for Protective Order. (Doc. 14) This Court signed the Stipulated Protective Order submitted by the parties on that day (Doc. 15) which states in part:

> **1. Scope**. All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below...

This Court held a status conference on May 16, 2019, and issued its Memorandum of Opinion and Order on the Motion to Dismiss on May 23. On June 10, plaintiffs filed a Motion For Leave to File Under Seal which sought to file a motion to reconsider under seal. Plaintiffs stated therein:

> 3. A Stipulated Protective Order filed with the Court on 4/12/19 requires deposition testimony pertaining to this matter be filed under seal. (Dkt # 15.)
>
> 4. Plaintiffs seek to file a Motion to Reconsider, which cites deposition testimony and transcripts.
>
> 5. In order to maintain the confidentiality required by the Stipulated Protective Order, Plaintiffs respectfully request that their Motion to Reconsider be filed under seal.

(Doc. 21) This Court denied the motion stating, "Deposition testimony may not be considered on a Motion to Dismiss." Several days later, plaintiffs filed their Rule 59(E) Motion to Alter or Amend Judgment Based in Part upon New Information and FRCP 15(A) Motion for Leave to File a First Amended Complaint *Instanter*.

In the motion, plaintiffs rely on the confidential[1]deposition testimony of defendants Kristina Quint and Ada Jackson to argue that their proposed amended complaint now satisfies the pleading requirements to state a claim for the state created danger exception to the general rule that the government is not liable under the substantive due process clause for the actions of private actors. In particular, plaintiffs used the testimony from the depositions numerous

---

[1] Defendants submit the transcript information sheets for the depositions of Quint and Jackson which are marked "Confidential Pursuant to Protective Order."

times, and throughout the motion for reconsideration and the proposed amended complaint. (*See* Doc. 22 at 4-5, 7-9, 11-12) In fact, not only is the "information derived directly" from the deposition transcripts as defined in the Scope of the protective order, above, but plaintiffs even state in their motion for reconsideration, "Plaintiffs have taken exact testimony from these Defendants and placed it into their amended complaint to meet the pleading standard for state created danger." (Doc. 22 at 4)[2]

Defendants point out that under the Stipulated Protective Order, plaintiffs were obligated to request leave to submit a redacted version and a sealed, non-redacted version of their motion:

> To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information. If, however, the confidential information must be intertwined within the text of the document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing.

(Doc. 15). Plaintiffs' motion for reconsideration clearly had protected information "intertwined within the text of the document." Plaintiffs did not request leave to file redacted and unredacted versions and, in fact, flouted this Court's denial of the request to file under seal by simply filing the motion for reconsideration which is replete with references to the confidential depositions.

In their response to the Motion to Strike, plaintiffs do not dispute that the depositions

---

2 The proposed amended complaint is quoted in the motion for reconsideration and attached as an exhibit thereto.

are covered by the Stipulated Protective Order.[3] But, plaintiffs argue that this case is "one of public importance" and that "[s]imply arguing that Defendants believe the information is covered by a protective order because it is derived from deposition testimony is an insufficient basis to seal the records away from the public." (Doc. 25 at 2) Plaintiffs maintain they have not violated the Stipulated Protective Order because they did not submit the deposition transcripts or quotations therefrom, but only "information similar to the deposition transcripts." (Doc. 25 at 3) Furthermore, plaintiffs argue that the protective order was meant to protect the child victim and not the social workers who are not victims.

Plaintiffs' arguments are contrary to their statements in their request to file the motion under seal. Moreover, plaintiffs' assertion that they are merely paraphrasing the depositions does not excuse the fact that the Stipulated Protective Order addressed "information derived directly therefrom." Even though plaintiffs assert that the motion only contains "information similar to the deposition transcripts," the motion for reconsideration clearly contains references to the "testimony" of the defendants. Furthermore, plaintiffs argue that the depositions of the defendants should not be confidential because they are not the victims. But, plaintiffs already agreed to the Stipulated Protective Order and could have previously challenged defendants' designation of Quint's and Jackson's depositions designated as "confidential" but never did.

Moreover, defendants point out that plaintiffs acknowledged in the Joint and Stipulated Motion for Protective Order:

The Parties agree that various Cuyahoga County documents, including Department of

---

3 Plaintiffs had also acknowledged this in their Motion to Seal, as set forth above.

> Children and Family Services reports, related to this case are confidential under O.R.C. 5153.17 and 2151.421. O.R.C. 5153.17, which applies to the maintenance of records for public children services agencies, provides that child services records are confidential. Further, reports made pursuant to O.R.C. 2151.421 are confidential under O.R.C. 2151.421(I)(1).

(Doc. 14). Consequently, plaintiffs agreed to the protective order to get access to the confidential records, but now argue that it does not protect all information even though it is designated confidential. Defendants additionally point out that the protective order accounts for public access in the event of a "hearing, argument, or trial in the courtroom." But, this matter never progressed that far. Notwithstanding, plaintiffs moved for the protective order, with defendants, with the conditions therein and moved to submit the depositions under seal. Plaintiffs could have followed the protective order's provisions for challenging the confidentiality designations.

For these reasons, the Court strikes the plaintiffs' Rule 59(E) Motion to Alter or Amend Judgment Based in Part upon New Information and FRCP 15(A) Motion for Leave to File a First Amended Complaint *Instanter*.

Even assuming the Court declined to strike the motion, it would be denied. Plaintiffs ask for leave to file an amended complaint. Plaintiffs maintain that "the Court entered judgment without giving Plaintiffs leave to amend their complaint, despite Plaintiffs' request to amend." (Doc. 22 at 2) However, plaintiffs never filed a motion to amend the Complaint and, instead, filed a brief in opposition to the Motion to Dismiss after seeking leave to extend the page limitation. Moreover, the "request to amend" to which plaintiffs now point is contained in the final "wherefore" clause of the brief in opposition and which states that plaintiffs request "that this court deny Defendants 12(b)(6) Motion to Dismiss in its entirety

or [ ] leave to amend their Complaint at Law." (Doc. 12 at 34) But, plaintiffs did not submit a proposed amendment or articulate facts which would have been included in the amendment. On this basis, a request for leave to amend is properly denied. *Louisiana School Employees' Retirement System v. Ernst & Young, LLP,* 622 F.3d 471 (6th Cir. 2010) ("As stated in *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671 (6th Cir. 2004), 'a bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought ... does not constitute a motion within the contemplation of Rule 15(a).'... A request for leave to amend 'almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is ... not a motion to amend.' ")

Therefore, the post-judgment motion for leave to file an amended complaint is denied.

Nor have plaintiffs satisfied the requirements of Rule 59(e). Generally, three situations justify a district court in altering or amending its judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed.Appx. 949, 959 (6th Cir. 2004).

Plaintiffs argue that they have "new evidence" in the form of the deposition testimony which now demonstrates a viable substantive due process claim based on both the state created danger and custody exceptions to the established rule as well as a *Monell* claim. But, plaintiffs acknowledge in their motion that they "received deposition transcripts days before this Court entered its ruling" on the Motion to Dismiss. (Doc. 22 at 3) The Motion to Dismiss was fully briefed as of April 22, 2019, and plaintiffs do not dispute defendants' statement that the depositions were completed by May 1. Although plaintiffs assert that the depositions

were not transcribed until May 15 and, as a result, they did not have an opportunity to amend the Complaint prior to this Court's ruling on May 23, this Court held a status conference on May 16. On that date, the Court let the parties know that the ruling on the Motion to Dismiss was forthcoming, and plaintiffs did not mention an intention to amend their Complaint.

Accordingly, plaintiffs have not demonstrated that they have new evidence.

Nor have plaintiffs demonstrated a clear error of law. As defendants maintain, plaintiffs alleged in their original Complaint that the County case workers interviewed the child in the presence of her mother which "placed the child in grave danger, substantially increasing the risk of further injury and placed the child in a worse position than if the state worker had not of [sic] acted at all." (Compl. ¶¶ 28-29) Plaintiffs argued in their opposition to the Motion to Dismiss that they "have alleged that on multiple occasions CCDCFS social workers interviewed Ta'Naejah in front of Crump and Owens, in violation of the standard of care, OAC 5101:2-36-03 and CCDCFS policy 2.03.00, and placed Ta'Naejah at greater risk of abuse than if they had not acted at all. (CAL ¶ 47, 61, 76)." (Doc. 12 at 22) A Rule 59(e) motion is not the place to "re-style arguments previously considered" as plaintiffs attempt to do here. *Premiertox 2.0, Inc. v. Coventry Health & Life Ins. Co.*, 2016 WL 3676774 (W.D. Ky. July 7, 2016).

Plaintiffs argue that they have presented an issue of clear error given that this Court erroneously held plaintiffs to a heightened state created danger requirement where plaintiffs would have to show no danger existed to the child before the state action. Rather, plaintiffs needed only to show an increased risk to the child. The Court disagrees. Plaintiffs refer the Court to its discussion in the Opinion of *Stemler v. City of Florence,* 126 F.3d 856 (6th Cir.

1997), and the Court's conclusion that defendants did not "create a danger that did not already exist." (Doc. 19 at 15) Plaintiffs assert herein that *Stemler* does not stand for this proposition and did not even address the state created danger exception. However, the portion of this Court's Opinion to which plaintiffs refer does not discuss the state created danger exception. Rather, the Court's discussion of *Stemler* was clearly contained in the discussion of the custody exception to the general rule. (*Id.*)

In discussing the state created danger exception, the Court expressly acknowledged that under this theory, plaintiffs must show, *inter alia*, "an affirmative act by the state which either created or increased the risk that the plaintiff would be exposed to an act of violence by a third party." (Doc. 19 at 15) In its Opinion, the Court addressed plaintiffs' arguments that defendants created a danger or placed the child in an increased risk of harm by affirmatively interviewing the child in front of the abusers in violation of state law and policies, returning the child to a mother who was known to have been accused of abuse in the past, and refusing to undertake mandatory investigations. As to the allegations that defendants violated certain policies or state laws by interviewing the child, the Court stated that plaintiffs were improperly attempting to convert those violations into a federal due process claim. The Court further stated that *DeShaney v. Winnebago County Department of Social Serivces,* 109 S.Ct. 998 (1989), recognized that while the state may impose duties upon its agents, a violation of those duties does not "constitutionalize" them. (Doc. 19 at 16) In their motion to reconsider, plaintiffs have now left out the "policies and state law" part of their allegations and argument.

Finally, plaintiffs cite to *Nelson v. City of Madison Heights,* 845 F.3d 695 (6th Cir. 2017), in support of their argument that where there is already a danger to the plaintiff, the

state may be liable where it increased the risk. As stated above, the Court does not disagree with this statement of law. Nonetheless, *Nelson* is distinguishable. In that case, it was not disputed that a police officer disclosed the identity of a confidential informant directly to a drug dealer's companion and disclosed that the informant aided in setting up the arrest of the drug dealer and his companion. The drug dealer later murdered the informant. The informant's estate could bring a substantive due process claim based on the state created danger theory due to the officer's affirmative act which greatly increased the risk of harm to the informant. The court rejected the officer's argument that his actions did not create or increase the risk of violence that the informant faced because she voluntarily became an informant. Rather, the informant had simply agreed to help the officer apprehend the drug dealer. But, she never agreed to reveal her status and the officer directly exposed her identity to the person he was supposed to protect her from.

Here, plaintiffs are essentially alleging that the state actors' action of interviewing the child in front of her abusers created or increased their intent to abuse her which led to her death. The Court agrees with defendants that plaintiffs are trying to do "an end-run" around the law which does not hold the government liable on a substantive due process claim when it fails to protect and investigate; returns a child to an abusive situation; or violates duties, policies, or state laws. *See DeShaney, supra*, *Engler v. Arnold*, 862 F.3d 571 (6th Cir. 2017), *Langdon v. Skelding*, 524 Fed.Appx. 172 (6th Cir. 2013).

**Conclusion**

For these reasons, plaintiffs' Rule 59(E) Motion to Alter or Amend Judgment Based in Part upon New Information and FRCP 15(A) Motion for Leave to File a First Amended

Complaint *Instanter* is denied and Cuyahoga County Defendants' Motion to Strike Plaintiffs' FRCP 59(E) and 15(A) Motion is granted.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 9/4/19