IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVSION

| | | |
|---|---|---|
| **KEVIN LIPMAN et. al.** ) | CASE NO: 18-CV-02985 |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| **-vs-** ) | |
| ) | |
| **ARMOND BUDISH, in his official capacity** ) | JUDGE PATRICIA A. GAUGHN |
| **as County Executive Cuyahoga County, et. al.** ) | |
| ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO MODIFY OR VACATE THE STIPULATED PROTECTIVE ORDER AND TO STRIKE THE FILING OF SEALED DOCUMENTS AS MOOT**

NOW COME the Plaintiffs SHABRINA McCLOUD and KEVIN LIPMAN, as Administrator of the Estate of Ta'NAEJAH McCLOUD, Deceased, by and through their attorneys, THE DERATANY FIRM, and Moves this court to vacate or modify the stipulated protective order entered on April 12, 2019 and in support thereof states as follows:

**INTRODUCTION**

The County defendant's inexplicable conduct in coming before this court to wholly misuse the stipulated protective order in federal court as a tool to quash plaintiffs state filed complaint, can only be interpreted as a bad faith attempt to smear counsel, and to shut the doors to litigation. Defendants have mislead the court, and misinterpreted the protective order in such a manner that the only recourse that plaintiff can pursue, in order to avoid defendants bad faith motions for sanctions, and to move forward substantively is to vacate or modify the protective order pursuant to the paragraph 11 of the protective order, in order to prevent defendant's continued and deliberate misapplication of said order.

1

1. **Defendant's misuse of the stipulated protective order requires plaintiff to exercise it's right for modification**.

Defendant filed a wildly inappropriate Motion to file documents under seal, in order that they can file a Motion for Sanctions, in this "closed case", claiming without any evidence, that plaintiff violated this courts protective order "**yet again.**" This motion was granted within two days of filing, without allowing plaintiff an opportunity to interpose an objection.

Defendants completely failed to mention to this court in their motion, that *plaintiff did not use a single deposition, document, or privileged communication in their re-filed state law complaint*. Plaintiff did not cite, quote or attach any deposition testimony, to their re-filed state complaint. Plaintiff also did not cite, or quote any other alleged protected document. Plaintiff made allegations in his complaint that defendants knew or should have known that certain actions they undertook was a violation of the law, based upon the work product of plaintiffs' counsel undertaken well before any protective order was ever agreed upon or entered.

Defendant also fails to mention that the allegations in plaintiff's re-filed state complaint, are the same allegations as plaintiffs originally filed complaint. Plaintiff obtained information sufficient to file both the original state case and the federal case well before taking a single deposition. Plaintiff initially filed its claims in State court in September 25, 2018, *more than six months prior to ANY depositions* proceeding in the federal case. To suggest to this Court that plaintiff violated a federal protective order "yet again" by disclosing depositions, or information gleaned from the depositions, when clearly no depositions were attached, or quoted, and when the allegations were on file prior to plaintiff taking any deposition is wholly beyond the pale.

Even a cursory comparison of the two complaints would indicate that both complaints contain the same general allegations. Yet, the defendant improperly argued that plaintiff must have used information gained from depositions taken after the original complaint was filed. Obviously this argument makes no sense, unless defendant is asserting that plaintiffs' counsel is psychic and

2

knew what would be in depositions before they were taken.

Even though there is absolutely no reference to any deposition in the plaintiffs re-filed complaint, defendant's argument appears to be that they should be allowed to file documents under seal, and seek sanctions because of information that was in counsel's heads when they typed out the re-filed complaint. Defendant has no way to prove what was in *plaintiff's counsels heads*, when they prepared the allegations and then re-filed the complaint. Plaintiff does not have to disclose work product, and will not disclose work product. A lawyer's work product inclusive of documents he used to form his ultimate work prepared in anticipation of litigation is protected. *United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir.2006). To the extent that this frivolous potential filing will ask plaintiff to disclose work product, such a request will not be answered.

2. **The defendant has misused the protective order, because it is clear that as a matter of law, the plaintiffs state law re-filed complaint cannot be covered by the protective order**

Defendants cannot use a protective order to prevent plaintiff from filing a complaint against its employees. Defendants cannot even require plaintiff to file the complaint under seal[1]. Therefore, this court must shut down defendant's continued and specious attempt to attach sealed documents in order to argue that a state re filed case is somehow protected by the protective order entered in this court many months after plaintiff filed their complaint. A protective order cannot be interpreted to protect the privacy of government employees in the course of litigation to hide their reckless, willful or otherwise tortious conduct. In fact, the Sixth Circuit has specifically warned that sealing documents would otherwise allow for the secrecy of this type of conduct. *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983). The Federal Court has made a distinction between secrecy in the context of discovery, which is permissible with a showing of "good cause"

---

[1] County defendants filed a motion to "seal" the state complaint. The judge had indicated that this is disfavored under the law, but that he would allow briefing as to sealing the complaint, and would temporarily seal the complaint, until he rules.

3

and secrecy in the context of pleadings and adjudication, which is generally impermissible due to the "strong presumption in favor of openness" of court records. *Shane Group, Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016); quoting *Brown & Williamson*, 710 F. 2d at 1179.

In *Shane* the Sixth Circuit rejected the very argument that defendant is proffering to this court and was rejected. *Id.* at 307. The Court noted that "Here again we see the standards for protective orders and sealing conflated: that a mere protective order restricts access to discovery materials is not reason enough, as shown above, to seal from public view materials that the parties have chosen to place in the Court records." *Id.* at 307. As further noted by Shane, "only trade secrets, information covered by a recognizable privilege (such as attorney client privilege), and information required by statute to be maintained in confidence (such as name of a minor victim of a sexual assault" is enough to overcome the presumption of access". *Id.* at 308.

Defendants are attempting to use the protective order, and improperly leverage this court to rule on a state refiled complaint. Defendants want to use the protective order as a shield to prevent plaintiff from even filing a complaint, or from having to answer to the public for their willful and wanton misconduct.[2]

3. **Since defendant continues to wrongly interpret the stipulated protective order in order to attempt to bar plaintiff from even making allegations in a complaint, or pursuing the appeal in this case, the plaintiff hereby withdraws any 'stipulation' and requests this court to vacate the stipulated protective order.**

The County defendant drafted the proposed protective order, to which plaintiff agreed and the court entered it on April 12, 2019. Pursuant to paragraph 11, of the protective order, plaintiff

---

[2] For the sake of argument, even if plaintiffs' counsel obtained information in depositions, there is no bar whatsoever from using information he learned to draft allegations in a re-filed complaint. In fact, plaintiff is supposed to have a good faith basis to make allegations in a complaint. Plaintiffs' counsel can obtain information from many and varied sources, and that is not a basis to falsely claim a violation of a protective order. This is especially true where there has been no filing, citation, quotation or other use of any protected document.

may seek leave to amend or modify said protective order:

> This order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders

(Ex. A, Stipulated Protective Order, p. 8-9, ¶ 11). Plaintiff hereby rescinds its agreement to the protective order, therefore it is no longer "stipulated", and therefore must be vacated or at minimum modified per paragraph 11, to accurately reflect the intent of the parties. Plaintiff never intended the protective order to serve as a cudgel to prevent plaintiff from pursuing their legitimate claims in state or federal court. At the request of the defendants, plaintiff extended a courtesy to prevent the public from hearing social security numbers, phone numbers, home addresses and other personal information of the individual defendants. However, it is now transparent that the Defendants' intent for the protective order was not to legitimately prevent disclosure of highly personal information but rather to continue to harass plaintiff and prevent this case from moving forward substantively. The County defendant is attempting to use this protective order to bar the plaintiff from seeking redress in this court or any court. Plaintiff does not intend to proceed with the entire case under seal nor file its appellate brief in this case under seal, as that would violate the Sixth Circuit's prohibition on denying to the public, rightful access to litigation. (Supra, p. 4).

The protective order was misrepresented in defendant's Motion to Dismiss, and continues to be misrepresented with their recent filing claiming that plaintiff violated the protective order "yet again." Plaintiff has never violated the protective order, because the defendant did not correctly designate particular testimony as protected. Had defendant ever sought to designate particular references such as social security numbers or other personal information as protected, as is required by the protective order, then and only then would plaintiff have been in violation. However, defendant never followed the mandate of the protective order, and therefore plaintiff has never violated any such order.

5

Examining the four corners of the stipulated protective order reveals that, specifically with regard to depositions, confidentiality is predicated on the condition that particular documents are "designated as such." (Ex. A, p. 3, ¶ 4). Indeed, the protective order *only* covers deposition testimony if the testimony is designated as confidential: "Deposition testimony shall be deemed CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER *only if designated as such*. **Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER.** (Ex. A, p. 3, ¶ 4). Neither party ever designated a particular portion of the deposition to be confidential, therefore the protective order does not apply.

There were no *specific portions* of the deposition transcript or exhibits that were designated as confidential as required by ¶ 4 of the Stipulated Protective Order. Defendant's repeated assertion that all the testimony in the deposition transcripts are subject to the protective order is baseless and does not comport to the agreement of the parties as outlined in ¶ 4 of the Stipulated Protective Order.

Since the parties never "designated" certain portions of deposition transcripts as protected, and the Court never examined or reviewed any deposition transcript in this case to determine if such designations were made to specific portions of the deposition transcript as required by the Stipulated Protective Order, there can be no basis to state that allegations in the re filed state claim (even if based on the depositions). Simply put ¶ 4 of the Stipulated protective is clear on its face as to what is required to bring deposition testimony and exhibits under the purview of the Stipulated Protective order. In this case there has been no such designations in the deposition transcripts that would bring the deposition testimony under the purview of the protective order.

However, since defendant continues to file frivolous motions claiming that plaintiff is in violation, and continues to use this protective order contrary to the law and the four corners of the

order, the only recourse that plaintiff has is to seek leave of this court to vacate the order in its entirety, or modify it consistent with the original purpose, which was to refrain from making personal information such as social security numbers, addresses and other very personal information about its employees public. As a courtesy, plaintiff will continue to refrain from disclosure of personal information regardless of whether the order is vacated or modified by court order.

WHEREFORE, Plaintiffs SHABRINA McCLOUD and KEVIN LIPMAN, as independent administrator of the estate of Ta'NAEJAH McCLOUD, deceased, request this Honorable Court to vacate or modify the "stipulated" protective order as set forth herein, and to strike the filed sealed documents as moot.

Respectfully submitted,

*/s/Jay Paul Deratany*
**Jay Paul Deratany (IL30900)**
**The Deratany Law Firm**
221 N. LaSalle Street
Suite 2200
Chicago, Illinois 60601
312-857-7285
312-857-2004 (Fax)
Email: jpderatany@lawinjury.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 1, 2019, the foregoing Plaintiffs' Response to Cuyahoga County Defendants' Motion to Strike Plaintiffs' FRCP 59(E) and 15(A) Motions was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

The undersigned hereby certifies that a copy of the foregoing Plaintiffs' Response to Cuyahoga County Defendants' Motion to Strike Plaintiffs' FRCP 59(E) and 15(A) Motions was served by U.S. First Class Mail, postage prepaid on July 8, 2019, upon the following:

Tequila Crump, Inmate No. W101504, c/o Warden, Wanza Jackson, Dayton Correctional Institution, 4104 Germantown Street, Dayton, OH 45417

Ursula Owens, Inmate No. W101555, c/o Warden, Wanza Jackson, Dayton Correctional Institution, 4104 Germantown Street, Dayton, OH 45417

Respectfully submitted,

*/s/Jay Paul Deratany*

_____

**Jay Paul Deratany (IL6197097)**
**The Deratany Law Firm**
221 N. LaSalle Street
Suite 2200
Chicago, Illinois 60601
312-857-7285
312-857-2004 (Fax)
Email: jpderatany@lawinjury.com