UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kevin Lipman, et al., | ) | CASE NO. 1:18 CV 2985 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Cuyahoga County, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon New Party Defendant Geneke Jackson's Motion to Dismiss. (Doc. 61). For the following reasons, the motion is GRANTED.

**Facts** [1]

On December 28, 2018, plaintiffs Kevin Lipman as Administrator of the Estate of Ta'Naejah McCloud, deceased, and Shabrina McCloud filed this Complaint against defendants Armond Budish (in his official capacity as Cuyahoga County Executive), Cuyahoga County Children and Family Services (CFS), Tequila Crump, Ursula Owens, Kristina Quint, Ada

---

[1] As the motion raises only procedural issues, the Court sets forth the procedural history and not the underlying facts alleged in the case.

1

Jackson, Marquetese Betts, and Jane and John Does I-VII.  The case arises out of the death of Ta'Naejah, a five year old child with a developmental disability who died on March 19, 2017.

On February 28, 2019, the Court held a Case Management Conference with the Case Management Order stating in part, "Pleadings shall be amended without leave of Court and new parties shall be joined on or before 6/1/19."  On May 23, 2019, this Court issued its Memorandum of Opinion and Order granting defendants' Motion to Dismiss as to the federal claim, and dismissing the state law claims without prejudice.  Judgment was entered. On June 17, 2019, plaintiffs filed a Motion to Alter or Amend Judgment Based in Part on New Information and FRCP 15(a) Motion for Leave to File a First Amended Complaint *Instanter*. (Doc. 22). A proposed First Amended Complaint was attached.  (Doc. 22 Ex. 1).  The proposed First Amended Complaint named the following defendants: Cuyahoga County, Tequila Crump, Ursula Owens, Kristina Quint, Ada Jackson, Marquetese Betts, Geneka Jackson, and Jane and John Does I-VI. The Court denied the motions on September 4, 2019.  Plaintiffs appealed.  On September 4, 2020, the United States Court of Appeals for the Sixth Circuit affirmed in part and reversed in part this Court's Order dismissing the federal claims, and vacated the dismissal of the state law claims. At a status conference on November 10, 2020, the Court granted the oral motion to amend the Complaint without objection.   On January 27, 2021, plaintiffs filed their First Amended Complaint. (Doc. 55). The following defendants were named:  Cuyahoga County, Tequila Crump, Ursula Owens, Kristina Quint, Ada Jackson, Marquetese Betts, and Geneka Jackson.

This matter is now before the Court upon New Party Defendant Geneke[2] Jackson's Motion to Dismiss.

**Discussion**

New Party Defendant Jackson moves to dismiss on the basis that the statute of limitations has expired, and she has not been served with a summons or complaint.

**(1) Statute of limitations**

The parties do not dispute that the § 1983 claim is governed by a two-year statute of limitations. Indeed, Ohio's two-year statute of limitations for bodily injury applies to § 1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995), *Nader v. Blackwell*, 545 F.3d 459 (6th Cir. 2008).  On this basis, the statute of limitations expired on March 19, 2019.[3] New Party Defendant Jackson argues that because she was not substituted in place of one of the Jane Does until the filing of the First Amended Complaint on January 27, 2021, well after the statute of limitations expired, the claim against her must be dismissed.  For the following reasons, the Court agrees.

In some instances, Fed.R.Civ.P. 15(c) allows relation back to the original pleading. It has been previously recognized that relation back to an original complaint filed before a statute of limitations has expired is permitted under current Sixth Circuit law when a plaintiff seeks to correct a misnomer or effect the substitution of defendants but *not* when a plaintiff attempts to name an additional defendant whose identity is discovered after the statute of limitations

---

[2]  Jackson states her name was improperly spelled "Geneka" in the First Amended Complaint. Plaintiffs state that Jackson is defendant Quint's supervisor.

[3]  In fact, plaintiffs agree that all claims are governed by the two-year period which expired on March 19, 2019.

3

expired:

> In the Sixth Circuit, lack of knowledge about the identity of a defendant does not constitute a "mistake" for purposes of application of the relation back provision of Rule 15(c). *Brown v. Cuyahoga County, Ohio*, 517 Fed.Appx. 431, 433–34 (6th Cir.2013) (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir.1996)). In both *Brown* and *Smith v. City of Akron,* [476 Fed.Appx. 67 (6th Cir. 2012)], plaintiff identified John Doe defendants in the original complaint filed before the § 1983 statute of limitations ran. After the statute of limitations had expired, plaintiff filed an amended complaint which named specific police officers and jail employees. In both cases, the Sixth Circuit held that the police officers and jail employees were entitled to dismissal because the case against them in [the] amended pleading was filed after the expiration of the statute of limitations. The addition of "new, previously unknown defendants in place of 'John Doe' defendants 'is considered a change in parties, not a mere substitution of parties,' and 'such amendments do not satisfy the mistaken identity requirement of Rule 15(c).' " *Smith v. City of Akron*, 476 Fed.Appx. at 69 (quoting *Cox v. Treadway*, 75 F.3d at 240).

*Gamblin v. City of Akron*, 2013 WL 6180864 (N.D.Ohio November 25, 2013). Thus, the First Amended Complaint does not relate back under Fed.R.Civ.P. 15(c) to the original Complaint and, accordingly, the statute of limitations has expired as to New Party Defendant Jackson.

Plaintiffs ignore this precedent and the application of Fed.R.Civ.Pro. 15(c) and urge the Court to apply the more lenient Ohio Rules of Civil Procedure regarding relation back to the original Complaint. However, this lawsuit was filed in this federal court on the basis of federal question jurisdiction with supplemental jurisdiction over the state law claims. "The general rule, of course, is that the Federal Rules of Civil Procedure ...apply to all civil cases brought in federal courts." *American Copper & Brass, Inc. v. Lake City Indus. Products, Inc.,* 757 F.3d 540 (6th Cir. 2014) (citing *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir.2001) (holding that the "Federal Rules of Civil Procedure are the rules of practice which apply to civil actions in the federal courts, regardless of whether jurisdiction is based on federal question or diversity of citizenship").

Moreover, *Smith v. City of Akron*, 476 Fed.Appx. 67 (6th Cir. 2012), is again instructive.

There, the court looked askance at plaintiff's same attempt to use Ohio's rules even though the complaint had originally been filed in the state court (alleging violations of the federal constitution and state tort law). After removal of the case, plaintiff amended his complaint after the statute of limitations had run to add the two police officers by name in place of the John Does. Not only did the court conclude that the amendment did not relate back to the original complaint under Fed.R.Civ. P. 15(c) because there was no "mistaken identification" of defendants, but the court also rejected plaintiff's attempts under the Ohio rule:

> Smith separately argues that because he filed his original complaint in Ohio and because Ohio has more permissible John Doe pleading standards, he should be permitted to correct the complaint after the end of the two-year limitations period. Even if we were willing to accept this doubtful theory, it offers no aid to Smith. As it turns out, he did not satisfy Ohio's John Doe pleading standards either. *Compare Erwin v. Bryan*, 125 Ohio St.3d 519, 929 N.E.2d 1019, 1026 (2010) (plaintiff must state that the defendant's name could not be discovered, sufficiently identify the defendant to facilitate obtaining service and personally serve the summons on the defendant), with R.1 (Smith's original complaint).

*Id.* at 70. Similarly, even if this Court were to accept plaintiff's argument that Ohio Rule Civ.P. 15 should apply which would be even more attenuated than in *Smith*, New Party Defendant points out that plaintiff did not meet the requirements of Ohio Rule 15 which provides:

> **(D) Amendments Where Name of Party Unknown.** When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words "name unknown," and a copy thereof must be served personally upon the defendant.

While the original Complaint stated that the unknown defendant's name could not be identified, the Summons did not contain the words "name unknown" and the Jane/John Does were served via certified mail and not personal service. (Doc. 1, Summons 10; service by clerk receipt January 15, 2019). Thus, plaintiffs did not satisfy Ohio's pleading standards.

Finally, Jackson was named as a defendant in place of a Jane Doe in the proposed First Amended Complaint on June 17, 2019. Plaintiff maintains that although the Court had allowed plaintiff the opportunity to amend the Complaint and add new parties without leave of Court by June 1, 2019, the Court granted defendants' motion to dismiss and entered the Judgment Entry on May 23, 2019. Consequently, the case was closed before the June 1 deadline. However, while the Court had ordered a June 1, 2019 deadline for amending the Complaint and adding parties, the Court was not thereby (and could not be) extending the statute of limitations.

For these reasons, the statute of limitations bars the claims against New Party Defendant Jackson.[4]

**(2) Equitable tolling**

Plaintiffs maintain that equitable tolling should apply to save their claim against Jackson. Although the doctrine of equitable tolling is to be applied sparingly, it typically "applies when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 561 (6th Cir. 2000). In *Brown v. Cuyahoga County, supra,* the Sixth Circuit recognized the five-factor balancing test to determine whether equitable tolling is appropriate: "1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." (citations omitted). Plaintiffs acknowledge they were not ignorant of the filing requirement, but

---

[4] The Court need not address defendants' alternative argument regarding failure of service.

argue they were diligent, no prejudice would result to defendants, and it was this Court's actions which prevented them from timely adding Jackson. The Court disagrees.

Plaintiffs maintain that before they "could delve into the crux of fact-finding discovery, the plaintiffs' Complaint was then dismissed by this Court on May 23, 2019" (Doc. 67 at 8) and the matter was "dead for tolling purposes" as it remained on appeal until September 2020. If the statute of limitations had not run as of the time of the Court's original dismissal, the Court would agree that the period the matter remained on appeal would not have been held against plaintiffs. However, the limitations period had expired at least two months earlier. Like *Smith v. City of Akron, supra,* where the court noted, "Because he waited until the last day of the two-year limitations period to file his complaint, that left no time to discover the identity of his arresting officers within the relevant time," plaintiffs herein filed their Complaint less than three months before the end of the limitations period. Plaintiffs cannot seek to avoid the statute of limitations by citing the time the case was on appeal. Plaintiffs state that but for the Court's May 23, 2019 dismissal, they would have added Jackson within the time prescribed by the Court in its Case Management Order for adding new parties, i.e., June 1, 2019. But, the Court's Case Management Order was not an order extending the statute of limitations. The Court does not find plaintiffs' diligence argument based on this Court's actions to be persuasive.

Plaintiff relies on *Friedman v. Campbell*, 1999 WL 1045281 (6th Cir. Nov. 8, 1999), an unpublished Sixth Circuit decision which pre-dates *Smith v. City of Akron* and *Brown v. Cuyahoga County*. Moreover, it is distinguishable because the court emphasized plaintiff's *pro se* status and the fact that the district court had stayed plaintiff's discovery requests which were issued shortly after filing suit and then ordered that defendants did not have to respond until a

later date.  Once plaintiff received the responses, he promptly attempted to amend his complaint to identify the John Doe. The appeals court found that plaintiff had been diligent from the time he filed the original complaint to learn defendant's identity and amended his pleading shortly after learning the information.

The Court does not find that equitable tolling applies.

For these reasons, New Party Defendant Geneke Jackson is entitled to dismissal.

### Conclusion

For the foregoing reasons, New Party Defendant Geneke Jackson's Motion to Dismiss is granted.

IT IS SO ORDERED.

                              /s/ Patricia A. Gaughan
                              PATRICIA A. GAUGHAN
                              United States District Court
Dated: 4/13/21                  Chief Judge